## R. C. JESSE v. T. G. DULIN AND WIFE.

**Partnership—Denial of Existence—Reference to Master for Settlement.**
In as much as the existence of the partnership was denied by appellant and his contention sustained by the court, there was no reason why the cause should have been referred to the master for a settlement of the accounts between the parties.

### APPEAL FROM SHELBY CIRCUIT COURT.

#### September 11, 1871.

OPINION BY JUDGE LINDSAY:

Appellant concedes that the adjudication of the court as to the matters in litigation in the two actions originally begun in ordinary is substantially correct, but complains of the judgment in the suit brought for the settlement of the alleged partnership.

In as much as the existence of the partnership was denied, and as the court (as we think correctly) sustained appellants denial, there was no reason why the cause should have been referred to the master for a settlement of the account between the parties, and the failure to do so cannot be regarded as a ground of reversal.

The petition of appellee sets out that certain sums of money had been advanced by them to appellant, which the latter by his answer denied.

Upon hearing, the issues thus raised were settled by the judgment of the court, the question of partnership being first determined in appellant's favor.

In this settlement we perceive no error. The evidence leaves no doubt but that appellant received the money on the $785 check, and we do not think he sustains his plea that he had the check cashed merely for the accommodation of Mrs. Dulin and paid the amount collected over to her at once.

Th evidence of young Jesse upon this point is not to be credited. It was impossible for him at the time his deposition was taken to have remembered the exact date of the transaction and the exact amount of the payment, he having made no memorandum and his attention not having been specially called to what was being done. Besides this it is altogether improbable that his father would have examined him as a witness without

having first ascertained by inquiring what his testimony would be. The court below properly disregarded his evidence.

Conceiving the judgment of the circuit court to be substantially correct we do not feel authorized to disturb it.

Judgment affirmed on both original and cross-appeal.

*Caldwell & Harwood, for appellant.*

*Bullock & Davis, for appellees.*